## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Miguel Buezo
A 070 945 954,

Civil No. 08-206 (DWF/RLE)

          Plaintiff,

v.

Scott Banieke, Field Office Director,
U.S. Immigration & Customs Enforcement
(ICE); Claude Arnold, Special Agent
in Charge, ICE; Michael Chertoff,
Secretary, Department of Homeland
Security; and Michael Mukasey,
United States Attorney General,

          Defendants.

**MEMORANDUM
OPINION AND ORDER**

_____

Herbert A. Igbanugo, Esq., Igbanugo Partners Int'l Law Firm, PLLC, counsel for
Plaintiff.

Mary Jo Madigan, Assistant United States Attorney, United States Attorney's Office,
counsel for Defendants.

_____

### INTRODUCTION

This matter came before the Court on January 28, 2008, pursuant to a Motion for

Temporary Restraining Order ("TRO") brought by Plaintiff Miguel Buezo.  For the

reasons set forth below, Plaintiff's Motion for TRO is denied.

**BACKGROUND**

Plaintiff is a native and citizen of Guatemala.  (Administrative Record ("AR") 2.)

He entered the United States without inspection on or about October 15, 1990.  (*Id*.)

Plaintiff applied for asylum in 1993.

In an Order to Show Cause and Notice of Hearing dated January 16, 1996,

Plaintiff was ordered to appear for deportation proceedings pursuant to section

241(a)(1)(B) of the Immigration and Nationality Act.  (AR 2-4.)  On April 22, 1997,

Plaintiff appeared before Immigration Judge Ronald N. Ohata.  (AR 5-6.)  According to

Plaintiff, at the time of the April 22 appearance, his wife was three months pregnant with

the couple's child.  (V. Pet. for a Writ of Habeas Corpus ("Habeas Petition") ¶ 10.)

Plaintiff contends that when Judge Ohata became aware of Plaintiff's wife's pregnancy,

the judge offered Plaintiff two options:  face deportation immediately, or accept

voluntary departure and be allowed the time to be present in the United States for the

birth of his child.  (*Id*.)  Plaintiff accepted the voluntary departure option and withdrew

his application for asylum.  (*Id*.)  On April 22, 1997, Judge Ohata entered an order

granting Plaintiff's application for voluntary departure to occur on or before January 22,

1998.  (AR 6.)  The order noted that Plaintiff withdrew his application for asylum and

waived his right to appeal.  (*Id*.)  Plaintiff now contends that he accepted the voluntary

departure option under duress and coercion.  (Habeas Petition 12.)  In addition, Plaintiff

asserts that due to the language barrier, he was unable to get adequate legal counsel from

his attorney when he agreed to the voluntary departure.  (*Id*. at ¶ 10.)

Plaintiff's daughter was born on October 2, 1997.  Afterward, Plaintiff failed to voluntarily depart as the April 22, 1997 order had directed.  A Warrant of Removal for Plaintiff was issued on March 7, 1998.  (AR 8-11.)

According to Plaintiff, his wife filed a Form 1-881, Application for Suspension of Deportation pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), in 2001.[1]  (Habeas Petition ¶ 13.)  In her Form I-881 application, Mrs. Buezo referenced specific information identifying her husband, including his alien registration number.  (*Id*. at Ex. 5.)  On December 21, 2007, Mrs. Buezo interviewed with USCIS in Bloomington, Minnesota, regarding her Form I-881 application.  (*Id*. at ¶ 13, Ex. 6.)  Her application is still pending.

Plaintiff was taken into custody on December 29, 2007.  (AR 14-15.)  He has remained in custody since.

## DISCUSSION

### I.      Subject Matter Jurisdiction over the Habeas Petition

As a preliminary matter, the Government asserts that this Court does not have subject matter jurisdiction over Plaintiff's Habeas Petition on which he bases his Motion for a TRO.  The Government contends that Plaintiff's Habeas Petition is a collateral challenge to the order of removal issued by the Office for Immigration Review, Immigration Court.  Thus, citing the REAL ID Act of 2005, 8 U.S.C. § 1252, the Government asserts that Plaintiff's challenge is properly brought with the Eighth Circuit Court of Appeals.

---

[1]      Mrs. Buezo's Form I-881 is undated.  (Habeas Petition, Ex. 5.)

Plaintiff, on the other hand, asserts that he is challenging the validity of the withdrawal of his asylum petition as opposed to the removal order. Plaintiff contends that due to the alleged coercion and duress that provoked his agreement to voluntarily depart, the voluntary departure order is not legally valid. Thus, Plaintiff asserts that his Habeas Petition is not purely a challenge to the removal order and that this Court has jurisdiction over it.

The Court finds that it lacks subject matter jurisdiction over Plaintiff's Habeas Petition. Pursuant to the REAL ID Act, federal district courts are divested of habeas jurisdiction over removal orders. 8 U.S.C. § 1252(a)(5). The sole and exclusive jurisdiction for habeas challenges to orders of removal is vested in the appropriate courts of appeals. 8 U.S.C. § 1252(a)(5). Although Plaintiff focuses on allegations of coercion and duress related to the voluntary departure order, ultimately the essence of Plaintiff's claim is a review of the validity and execution of the April 22, 1997 removal order. Therefore, Plaintiff's review lies with the Eighth Circuit Court of Appeals.

In addition, this Court does not have jurisdiction over Plaintiff's constitutional or other legal challenges related to the removal order. The REAL ID Act vests jurisdiction over such constitutional claims or questions of law with the courts of appeals. 8 U.S.C. § 1252(a)(2)(D); *see also Munoz-Yepez v. Gonzales*, 465 F.3d 347, 350-51 (8th Cir. 2006).

**II.     Subject Matter Jurisdiction to Stay the Removal**

The Government further contends that this Court lacks jurisdiction over Plaintiff's

attempt to stay the execution of the removal order.  The Court agrees.  8 U.S.C. § 1252(g)

provides:

> Except as provided in this section and notwithstanding any other provision
> of law (statutory or nonstatutory), including section 2241 of title 28, United
> States Code, or any other habeas corpus provision, and sections 1361 and
> 1651 of such title, no court shall have jurisdiction to hear any cause or
> claim by or on behalf of any alien arising from the decision or action by the
> Attorney General to commence proceedings, adjudicate cases, or execute
> removal orders against any alien under this chapter.

Pursuant to this provision, challenges to the Attorney General's discretion in executing a

final order of removal are not subject to judicial review.  *See id.*; *Reno v. American-Arab*

*Anti-Discrimination Comm.*, 525 U.S. 471 (1999).

**CONCLUSION**

Because the Court has determined that it lacks subject matter jurisdiction over

Plaintiff's challenges, the Court need not reach the *Dataphase* factors related to

Plaintiff's Motion for a TRO.  The Court recognizes, however, that the balance of harms

would weigh strongly in favor of Plaintiff.  Albeit illegally, Plaintiff has resided in the

United States for over seventeen years.  He has a wife and a young daughter.  By all

accounts, he has no criminal record and has been a contributing member of society.

According to Plaintiff's counsel, if Plaintiff is deported pursuant to this removal order, he

will not be allowed to return to the United States for twenty years.  The Court is

sympathetic to Plaintiff's situation and notes that if standards of common human decency

5

were the law, the Court may reach a different result.  However, such standards do not

vest the Court with jurisdiction over this matter.

At oral argument, the Court inquired with Government counsel as to the timeframe

for the adjudication of Mrs. Buezo's Form I-881 application.  Plaintiff contends that if

Mrs. Buezo is granted legal permanent residency status via her Form I-881 application,

Plaintiff would be allowed to remain in the United States as Mrs. Buezo's spouse.

Frustratingly, Government counsel was unable to provide the Court with any timeframe

for the adjudication of Mrs. Buezo's Form I-881 application, nor was the Government

even able to verify what Plaintiff's standing would be if his wife's Form I-881

application were granted.

The Court recognizes that it holds no jurisdiction over this matter, and the Court

understands that our immigration laws must be enforced to hold any weight.  Yet the

Court believes that great injustice would occur if Plaintiff was deported and unable to

return for twenty years, whereas if the Government had waited until Mrs. Buezo's Form

I-881 application was adjudicated, Plaintiff would have been able to stay in the United

States.  The Court believes that the interests of justice would best be served if the

Government waits to execute Plaintiff's removal until it can determine Plaintiff's status

in relation to his wife's Form I-881 application.

Section 106(c) of the REAL ID Act states that cases brought in the district court

pursuant to 28 U.S.C. § 2241 and challenging a final administrative order of removal

shall be transferred "to the court of appeals for the circuit in which a petition for review

could have been properly filed under . . . 8 U.S.C. 1252."  Pub. L. 109-13, 2005

6

HR 1268; *see also Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) ("[A]ny

habeas corpus petition pending in the district court in which an alien challenges a final

administrative order of removal, deportation, or exclusion must be transferred by the

district court to the appropriate court of appeals.").  Therefore, the Court transfers

Plaintiff's habeas petition to the Eighth Circuit Court of Appeals.

For the reasons stated, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Miguel Buezo's Motion for Temporary Restraining Order (Doc.

No. 2) is **DENIED;**

2.      Plaintiff's Petition for a Writ of Habeas Corpus (Doc. No. 1) is

**TRANSFERRED** to the Eighth Circuit Court of Appeals.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  February 1, 2008                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            Judge of United States District Court